

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2005

# USA v. Sanchez-Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Sanchez-Sanchez" (2005). *2005 Decisions.* Paper 571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-309                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2066
_____

UNITED STATES OF AMERICA

v.

DOMINGO SANCHEZ-SANCHEZ,
a/k/a RAFAEL BATISTA,
a/k/a PASAL

Domingo Sanchez-Sanchez,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 98-cr-0020)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2005

Before:   ALITO, MCKEE and AMBRO, <u>Circuit Judges</u>

(Filed:  September 6, 2005)
_____

OPINION
_____

PER CURIAM

Domingo Sanchez-Sanchez appeals the District Court's order granting his motion

filed under Rule 36 of the Federal Rules of Criminal Procedure. In June 1998, Sanchez-Sanchez pled guilty to several counts of drug distribution and firearm charges. In February 1999, the District Court imposed an aggregated sentence of 292 months. On March 18, 2005, Sanchez-Sanchez filed his Rule 36 motion and argued that the docket entries reflected that he was only sentenced to an aggregated sentence of 172 months. The District Court granted the motion and directed the Clerk to correct the docket entries to show the correct sentences on each count. Sanchez-Sanchez filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Sanchez-Sanchez argues on appeal that the District Court entered a sentence more onerous than that which he believes he was given at sentencing. At his sentencing, the District Court pronounced Sanchez-Sanchez's sentence as 292 months. The District Court stated in the criminal judgment that the sentence was 292 months. In our opinion affirming the conviction and sentence, we stated that Sanchez-Sanchez was sentenced to 292 months. In his motion filed pursuant to 28 U.S.C. § 2255, Sanchez-Sanchez stated that he was sentenced to 292 months. In denying that § 2255 motion, the District Court noted that Sanchez-Sanchez was sentenced to 292 months. For Sanchez-Sanchez to now argue that he believes his sentence is lower is disingenuous.

Sanchez-Sanchez contends that it was his understanding that he was sentenced to 120 months on counts one and eleven (distribution of cocaine base) to be served concurrently. However, the criminal judgment and the transcript of sentencing show that Sanchez-Sanchez was sentenced to 240 months on counts one and eleven with these

2

sentences running concurrently to each other. He was also sentenced to 52 months on count twelve (distribution of heroin) to run consecutive to the sentence at count one. On counts sixteen and eighteen (firearm charges), Sanchez-Sanchez was sentenced to 120 months on each count to run concurrently to the sentence at count one. Thus, this argument is also without merit.

Sanchez-Sanchez further asserts that the granting of the Rule 36 motion entitles him to review of his sentence under United States v. Booker, 125 S.Ct. 738 (2005). However, the purpose of Rule 36 is to correct clerical errors. Neither the sentence nor the criminal judgment has been amended, and Sanchez-Sanchez has not been resentenced; only the docket entries were corrected. This does not entitle Sanchez-Sanchez to further appellate review of his sentence. An application to file a second or successive § 2255 motion would be the proper vehicle for such an argument; however, unless Booker is made retroactive to cases on collateral review by the Supreme Court, such an application is without merit. See In re Olopade, 403 F. 3d 159 (3d. Cir. 2005).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Sanchez-Sanchez's motion for the appointment of counsel is denied.